**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3131-17T1

MIGUEL A. HECTOR,

     Plaintiff-Respondent,

v.

SUPER CAR WASH LIMITED
LIABILITY COMPANY and
ALI MUSA,

     Defendants-Appellants.

_____

Submitted March 13, 2019 – Decided June 10, 2019

Before Judges Nugent, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000155-16.

Karam Nahas, LLC, attorneys for appellants (Karam Nahas, of counsel and on the briefs).

Waters Mc Pherson Mc Neill, PC, attorneys for respondent (Eric D. Mc Cullough, of counsel and on the brief).

PER CURIAM

Defendants Super Car Wash Limited Liability Company and its managing member, Ali Musa, (collectively, Musa) appeal from a February 27, 2018 final order entered after a bench trial. The order granted plaintiff Miguel A. Hector's claim for specific performance of a real estate contract and rider. After reviewing the record in light of the applicable legal standards, we affirm substantially for the reasons stated by Presiding General Equity Judge Barry P. Sarkisian in his written opinion issued with the order. We add the following comments.

Hector and Musa, both of whom were represented by counsel, contracted for the sale of a commercial lot and a car wash business located on the lot. The sale was subject to an environmental inspection. Hector could terminate the contract if an inspection revealed contamination. Hector's environmental expert found contamination in the soil and recommended further investigation. Hector and Musa, again represented by counsel, negotiated a rider to the real estate contract. The rider recited that the buyer's environmental consultants had "determined that there is contamination of the property from hazardous material. The seller has agreed to remediate all such contamination prior to closing . . . at the expense of the seller." After agreeing to take certain specific actions relating to the cleanup of contamination, the seller agreed to perform the "cleanup of any

A-3131-17T1

additional contamination that may be discovered during the course of this remediation."

Musa began to remediate the soil contamination, but when further inspections by his own environmental expert revealed pollution of the ground water, Musa refused to pay to clean it up. After a bench trial during which Hector, his environmental consultant, and Musa testified, the judge concluded that the rider was unambiguous and required Musa to clean up the ground water pollution. We review de novo the judge's interpretation of a contract. In re Cty. of Atlantic, 230 N.J. 237, 255 (2017).

On this appeal, Musa contends that the trial judge unfairly prevented him from presenting evidence that the rider was void because there was no consideration and no meeting of the minds. He also argues that those were meritorious arguments that should have carried the day. The record does not support any of those contentions. Musa also argues that his obligation under the rider should be limited to $200,000. We decline to consider that argument because, as his brief concedes, it was not presented to the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973).

Contrary to Musa's argument, the judge permitted defense counsel to question both Hector and Musa about the issue of consideration. According to

Musa, Hector did not offer to pay him or "give [him] any sort of benefit in exchange" for his agreement to the rider. However, Hector testified that he was going to cancel the contract, as he had a right to do under its terms, unless Musa agreed to the rider. An agreement to refrain from exercising a legal right is a form of consideration. See Oscar v. Simeonidis, 352 N.J. Super. 476, 486-87 (App. Div. 2002). Hector's agreement to continue with the contract, despite the discovery of environmental contamination, was consideration for Musa's agreement to the rider. Musa's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

The judge also allowed defense counsel to elicit testimony concerning the claim that there was no meeting of the minds concerning Musa's obligations under the rider. On cross-examination, Musa conceded that, after he signed the rider, his own environmental consultant found contamination to the ground water. He also conceded that in the rider he agreed to clean up "any additional contamination that may be discovered during the course of this remediation." However, he insisted that he believed he was only required to clean up "whatever I have to report," apparently meaning the soil contamination found by the original consultant report. The rider does not contain that limitation. Musa's belief, not expressed in the written terms of the rider, cannot change its

unambiguous terms.[1]  See Dontzin v. Myer, 301 N.J. Super. 501, 507 (App. Div. 1997).  His arguments on this point warrant no further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]  Plaintiff's expert testified that his company's March 6, 2014 summary report concerning the soil showed contamination at a level that could also affect ground water.  Musa admitted he had a copy of that report before agreeing to the rider in June 2014.